Joseph E. **RUBINO**, Plaintiff–
Appellant,

v.

**ACME BUILDING MAINTENANCE;
et al., Defendants–Appellees.**

No. 10–16223.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 6, 2012.

---

Joseph E. Rubino, San Jose, CA, pro se.

David J. Comeaux, Stephen E. Hart, Ogletree Deakins Nash Smoak & Stewart, P.C., Huston, TX, Erica K. Rocush, Ogletree Deakins Nash Smoak & Stewart, P.C., Tucson, AZ, David Dong–In Sohn, Ogletree Deakins Nash Smoak & Stewart, P.C., Paul T. Hammerness, Supervising Deputy Attorney General, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Joseph E. Rubino appeals pro se from the district court's summary judgment in his employment action alleging race discrimination in violation of Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Leong v. Potter,* 347 F.3d 1117, 1123 (9th Cir.2003), and we affirm.

The district court properly granted summary judgment on Rubino's race discrimination claim because Rubino failed to raise a genuine dispute of material fact as to whether ACME Building Maintenance treated similarly situated individuals outside his protected class more favorably. *See id.* at 1124.

The district court did not abuse its discretion in denying Rubino's discovery motions. *See Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002) (noting that "[b]road discretion is vested in the trial court to permit or deny discovery" (citation and internal quotation marks omitted)).

Rubino's remaining contentions, including those regarding judicial bias, are unpersuasive.

We do not consider Rubino's contentions raised for the first time on appeal. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.